CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 19 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 6:94CR70077 |
| v. | ) OPINION AND ORDER |
| BARRY LEWIS MATTHEWS. | ) By: James C. Turk |
| | ) Senior United States District Judge |

Defendant Barry Lewis Matthews has filed a motion seeking the court's reconsideration of the order entered April 29, 2008, denying his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c) and the 2007-2008 amendments to the crack cocaine sentencing guideline. Upon review of the record, the court concludes that the motion must be denied.

In support of his motion for reconsideration, Matthews complains first that the court failed to appoint counsel to assist him and failed to allow him or counsel to rebut the government's response to his motion for reduction. He asserts that every defendant in the Western District who moved for reduction under the amendments to the crack cocaine amendments was appointed counsel. He is mistaken on both counts. The court did not require a response from the government or offer the defendant the possibility of assistance from the Federal Public Defender except in cases in which the court had already determined that the defendant was eligible for a reduction. As Matthews is not eligible for a reduction, based on the amount of crack cocaine for which he was held accountable at sentencing, the court did not require the government to respond in his case and did not appoint counsel. In any event,

1

however, Matthews had no constitutional right to notice or counsel related to his § 3582(c)(2) motion for reduction. The court may issue, on its own motion, a reduction of sentence pursuant to § 3582(c)(2) and a retroactive amendment to the sentencing guidelines or deny such a reduction. Neither the statute nor the crack cocaine sentencing guidelines require the court to allow arguments from the parties on this matter. Similarly, there is no right to a hearing or to assistance of counsel on a motion for reduction of sentence. See, e.g., United States v. Legree, 205 F.2d 724, 729 (4th Cir. 2000) (finding that denial of appointed counsel and hearing in deciding motion for reduction of sentence under 18 U.S.C. § 3582(c) did not violate due process); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) (A motion pursuant to § 3582(c) "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution."). See also Coleman v. Thompson, 501 U.S. 722, 756 (1991) (finding it well settled that "a criminal defendant has no right to counsel beyond his first appeal"). Therefore, Matthews has no right to reconsideration of his § 3582(c)(2) motion merely because the court did not seek arguments from him, appoint counsel for him, or conduct a hearing before determining that he was not eligible for a reduction.

Second, Matthews argues that the court erred in denying his motion for reduction under § 3582(c)(2) based on a finding at sentencing that he was held accountable for 10.3 kilograms of crack cocaine. On the order denying Matthews's motion for reduction under § 3582(c)(2), the court noted

> According to the Judgment Order and the sentencing transcript, the court held the defendant responsible for 10.03 kg. of crack cocaine related to his offenses. This amount calls for a Base Offense Level of 38 under the 1994 guidelines and under the current guidelines as amended in 2007. As the defendant's offense level and

> sentencing range have not been lowered by the amendment, he is not eligible for a
> sentence reduction under 18 U.S.C. § 3582(c).

Order, 4-29-08. Matthews argues that the Assistant United States Attorney ("AUSA") recommended that he be accountable for only two kilograms of crack cocaine. (Tr. 12-22-1994, 12-13). Review of the complete transcript, however, clearly indicates that the court adopted the finding in the presentence report that Matthews should be held responsible for 10.03 kilograms of cocaine base. (Tr. 12-22-1994, 21) ("I find that you are responsible for the amount of crack cocaine as set forth in the presentencing report and I think that is a conservative figure."); Present. Report, para. 22 (finding Matthews accountable for 10.03 kilograms cocaine base). Other discussions the parties had during the hearing and before the court made its sentencing findings are not relevant here. Matthews also points to the order of the United States Court of Appeals for the Fourth Circuit affirming his sentence, which found that "the district court did clearly err in determining that Matthews was responsible for at least 1.5 kilograms of crack." United States v. Matthews, 70 F.3d 1264, 1995 WL 703534, *1 (4th Cir. 1995) (Table). The Fourth Circuit's order on appeal did not make any new finding as to drug amount in Matthews's case. To the contrary, the court noted that in arguing against the drug amount recommended at sentencing, Matthews "offered no evidence. Without evidence to rebut the information in the presentence report concerning the amount of crack attributable to Matthews through his direct involvement or the reasonably foreseeable actions of co-conspirators, . . . the district court did not err" in determining a higher drug amount. Id.

Based on the amount of crack cocaine for which the court found Matthews's accountable at sentencing–10.3 kilograms, Matthews has the same sentencing range under the amended

3

guidelines that he had under the 1994 guidelines. As his sentencing range was unchanged by the guideline amendments, he is not entitled to a sentence reduction under § 3582(c)(2). Thus finding no merit to Matthews's assertions of error, it is hereby **ORDERED** that his motion for reconsideration (Dkt. No. 133) is **DENIED**.

The Clerk is directed to send a copy of this order to the defendant at his current place of confinement and to counsel of record for the government.

ENTER: This 19th day of August, 2008.

*/s/ James C. Turk*
Senior United States District Judge

4